Brennan; J.
This is a case involving a complaint to enforce a foreign judgment from the State Of Connecticut against the defendant, a resident of Massachusetts.
In June 1989 Datronic Rental Corp. (hereinafter the plaintiff) leased to John C. LeProvost (hereinafter the defendant) certain computer equipment and software. An “Equipment Lease Agreement” was signed by the defendant and a representative of K.L.C., Inc., d/b/a Keystone Leasing. This agreement provided that "... lease shall be binding, when accepted in writing by the Lessor, in the State of Connecticut and shall be governed by the laws of the State of Connecticut.” The defendant signed this agreement and thereafter there was correspondence between the parties in the State of Connecticut and, for a time, pursuant to the lease the defendant sent lease payments to the plaintiff in Connecticut. Additionally, the defendant signed a uniform commercial code financing statement.
Eventually, problems arose between the parties and the defendant stopped making lease payments. The plaintiff filed an action in Connecticut and a judgment in the amount of $9,533.79 was entered in favor of the plaintiff by the Connecticut Superior Court. The defendant had been defaulted.
On or about November 2,1993, defendant filed a Motion to Dismiss under Rule 12(b) and on April 20,1995 this motion was denied. On May 19,1995 plaintiff filed a Motion for Summary Judgment and on August 29,1995 this motion was allowed. The defendant then filed this appeal, arguing (1) that his due process rights were violated by the plaintiff and the Connecticut Superior Court, (2) that the Connecticut judgment is unenforceable because the Connecticut Superior Court did not *5 have personal or subject matter jurisdiction over the defendant and (3) that the Massachusetts Court should not recognize or enforce the Connecticut judgment.
M.G.L.C. 235, §23A provides, in part, that:
Except as hereinafter provided, any foreign judgment that is final and conclusive and enforceable where rendered even though an appeal therefrom is pending or it is subject to appeal shall be conclusive between the parties to the extent that it grants or denies recovery of a sum of money. The foreign judgment shall be enforceable in the same maimer as the judgment of a sister state which is entitled to full faith and credit. A foreign judgment shall not be conclusive if... (2) the foreign court did not have personal jurisdiction over the defendant; or (3) the foreign court did not have jurisdiction over the subject matter.
M.G.L.C. 235, §23A further provides, in part, that:
A foreign judgment shall not be refused recognition for lack of personal jurisdiction if ... (3) the defendant prior to the commencement of the proceedings had agreed to submit to the jurisdiction of the foreign court with respect to the subject matter involved.
Paragraph 23 of the original lease agreement between the parties states that “This lease shall be binding, when accepted in writing by the lessor, in the State of Connecticut and shall be governed by the laws of the State of Connecticut.” This lease was accepted in writing by the Lessor and defendant sent lease payments to the State of Connecticut. Further, there was correspondence between plaintiff and defendant in the State of Connecticut. Additionally, the defendant agreed to a lease term of 48 months with lease payments to be made in the State of Connecticut, he signed a uniform commercial code financing agreement, and the lease papers were clearly marked with the name “K.L.C., Inc.” with an address in Hartford, Connecticut.
Connecticut’s long-arm statute, Section 52-59b provides, in part, that
(a)... a court may exercise personal jurisdiction over any non-resident individual... who in person or through an agent (1) Transacts any business within the State ...
In the present case defendant signed a lease through which he agreed to be bound by the laws of Connecticut and he continued to do business in Connecticut by sending his lease payments to Connecticut. The facts in the present case justify the assertion of jurisdiction over the defendant by the courts of Connecticut. The evidence supports a finding that the defendant transacted business in Connecticut.
Clearly, possible litigation in Connecticut could have been reasonably foreseeable at the time of the signing of the contract. The Connecticut judgment entered against the defendant was properly given full faith and credit in Massachusetts. Accordingly, defendant’s petition is denied.